# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIKE SAVOKINAS,

    Plaintiff,

    v.

PITTSTON TOWNSHIP, TONY ATTARDO, JOHN PAGLIANITE, JOSEPH ADAMS, and POLICE CHIEF STEVE RINALDI,

    Defendants.

CIVIL ACTION NO. 3:06-CV-0121

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants Pittston Township, Tony Attardo, John Paglianite, Joseph Adams and Police Chief Steve Rinaldi's Motion to Dismiss (Doc. 8). For reasons set forth below, I will grant the motion in part and deny it in part. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff Mike Savokinas was a law enforcement officer for Pittston Township for almost nine (9) years. (Doc. 1, ¶ 1.) On January 10, 2006, Plaintiff was terminated. *Id.* Plaintiff's job was covered by a Collective Bargaining Agreement ("CBA") containing a "just cause" provision. (Doc. 1, ¶¶ 11, 13.) The CBA applicable to Plaintiff's employment contains a grievance procedure. (Doc. 10.)

On January 17, 2006, Plaintiff filed a Complaint alleging violations of his due process rights. (Doc. 1.) On February 14, 2006, Defendants filed the present Motion to Dismiss. (Doc. 8.) This motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of

establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.     Procedural Due Process**

To establish a cause of action for a procedural due process violation, Plaintiff must first prove that a person acting under color of state law deprived him of a protected property interest; and second, he must show that the procedures available to him failed to provide him with due process of law.  *See, e.g., Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  Furthermore, the Third Circuit Court of Appeals has repeatedly held that, "in cases in which 'a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, . . . those procedures satisfy due process requirements.'"  *Leneny v. City of Pittsburgh,* 183 F.3d 220, 228 (3d Cir. 1999) (quoting *Dykes v. Southeastern Pa. Trans. Auth.,* 68 F.3d 1564, 1571 (3d Cir. 1995)).  Thus, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, *unless* those processes are unavailable or patently inadequate."  *Alvin*, 227 F.3d at 116 (emphasis added).

   **a.     Post-termination Process**

Defendants argue that Plaintiff's procedural due process claims must be dismissed because Plaintiff has failed to take advantage of the processes available under the CBA.  With respect to Plaintiff's claims that he was denied adequate post-termination procedures, I agree.

Plaintiff does not allege in his Complaint that he filed a grievance.  (Doc. 1.)

Further, Plaintiff has not alleged in his Complaint that the procedures available to him under the CBA were blocked or inadequate.  *Id.*

Plaintiff, in his Surreply Brief (Doc. 19), asserts that an attached Affidavit alleges that he requested a grievance be filed with his representative within a day or two after his termination.  In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension*, 998 F.2d at 1196.  Therefore, Plaintiff's attached Affidavit is not properly before the Court.  As discussed above, Plaintiff does not allege in his Complaint that he filed a grievance or that the procedures available him were blocked or inadequate.

Reading the Complaint in the light most favorable to Plaintiff, I find he has failed to allege a violation of his due process rights following his termination.  As such, I will grant Defendants' motion to dismiss with respect to these claims.

### b. Pre-termination Process

In addition to Plaintiff's post-termination claims, Plaintiff also alleges that he was denied Constitutional required pre-termination procedures.  Unlike his post-termination claims, Plaintiff's failure to utilize the post-termination procedures available under the CBA does not bar him from claiming that he was denied adequate pre-termination procedures.  *See Alvin*, 227 F.3d at 120 ("Unlike the other claims, a complete constitutional violation has (allegedly) already occurred; if the Constitution requires pre-termination procedures, the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures.") (citing *Stana v. School Dist. of Pittsburgh*, 775 F.2d 122, 129 (3d Cir. 1985)).

Public employees who may be dismissed only for cause are entitled to a very limited hearing prior to termination, to be followed by a more comprehensive post-termination hearing. *See, e.g., Gilbert*, 520 U.S. at 929 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)). Pre-termination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story. *See Loudermill*, 470 U.S. at 546. Further, post-termination process alone may satisfy the requirements of the Due Process Clause if a state must act quickly or if pre-termination process would be impractical. *Gilbert*, 520 U.S. at 930. In the present case, however, Defendants have not alleged that either situation existed at the time of Plaintiff's termination. Therefore, the Court must address whether Defendants' failure to provide pre-termination process was constitutionally permissible.

The factors that must be weighed include:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319. 335 (1976). Finally, when determining what process is due, the length and finality of the deprivation must be considered. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1976).

Reading the Complaint in a light most favorable to Plaintiff, Plaintiff may be able to

demonstrate that, under these factors, he was entitled to pre-termination procedures. Plaintiff, further, alleges that Defendants failed to provide him with any pre-termination process.  (Doc. 1, ¶ 15.)  Therefore, Plaintiff is entitled to offer evidence with regard to his claim for violation of his due process rights through Defendants' failure to provide him with pre-termination process.

**2.    Substantive Due Process**

Defendants also seek dismissal of Plaintiff's substantive due process claims.  In particular, Defendants argue that government employment is not a property interest afforded protection under the substantive due process clause.  I agree.

Not all property interests worthy of procedural due process protection receive substantive due process protection.  *Nicholas v. Pennsylvania State University,* 227 F.3d 133, 140 (3d Cir. 2000).  To state a substantive due process claim, a plaintiff must allege that he was deprived of a property interest that is "fundamental" under the United States Constitution.  *Id.*  Public employment is not a "fundamental" property interest under the due process clause.  *Nicholas,* 227 F.3d at 140.

Therefore, the Substantive Due Process Clause does not extend protection to Plaintiff's property interest in his continued public employment.  Plaintiff has failed to alleged a deprivation of a protected property interest, or a fundamental right.  As such, Defendants' motion to dismiss will be granted with respect to Plaintiff's substantive due process claims.

**CONCLUSION**

Reading the Complaint in the light most favorable to Plaintiff, he has failed to state

a claim upon which relief may be granted with respect to his post-termination claims under the procedural due process clause.  Plaintiff has also failed to state a claim upon which relief may be granted with respect his claims under the substantive due process clause.

Plaintiff, however, is entitled to offer evidence in support of his pre-termination claims under the procedural due process clause.  As such, I will grant Defendants' motion to dismiss Plaintiff's Complaint in part and deny it in part.

An appropriate order shall follow.

| | |
|---|---|
| August 16, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKE SAVOKINAS,<br><br>    Plaintiff,<br><br>        v.<br><br>PITTSTON TOWNSHIP, TONY ATTARDO, JOHN PAGLIANITE, JOSEPH ADAMS, and POLICE CHIEF STEVE RINALDI,<br><br>    Defendants. | NO. 3:06-CV-0121<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this __16th__ day of August, 2006, **IT IS HEREBY ORDERED** that Defendants Pittston Township, Tony Attardo, John Paglianite, Joseph Adams and Police Chief Steve Rinaldi's Motion to Dismiss (Doc. 8) is **GRANTED in part** and **Denied in part**:

    (I)    Defendants' motion is **GRANTED** insofar as they seek dismissal of:

        (a)    Plaintiff's post-termination procedural due process claims; and

        (b)    Plaintiff's substantive due process claims.

    (ii)    Defendants' motion is **DENIED** with respect to:

        (a)    Plaintiff's pre-termination procedural due process claims.

                                       /s/ A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge