## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIKE SAVOKINAS,

      Plaintiff,

        v.

PITTSTON TOWNSHIP et al.,

      Defendants.

NO. 3:06-CV-00121

(JUDGE CAPUTO)

### MEMORANDUM

Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 39.)

The case is brought under Title 42 of the United States Code, section 1983. Jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").

Defendants' motion to dismiss will be granted in part and denied in part.  Count I will survive the instant Order with respect to the pre-termination procedural due process claim as outlined in the Court's August 16, 2006 Order.  The motion to dismiss with respect to Count II will be granted because Plaintiff has failed to allege that his speech was a "public concern" and that his interest in speech outweighed the interest of the Defendants in delivering their services.  The motion to dismiss with respect to Defendant Rinaldi in Count III will be denied because Plaintiff has sufficiently alleged a First Amendment retaliation claim.  The motion to dismiss with respect to Defendants' media contact in Count III will be granted because the interest of the public in receiving information from public officials outweighs the privacy interest of the Plaintiff.  Finally, the

motion to dismiss with respect to Count IV will be denied because Plaintiff has sufficiently alleged the elements of a failure to train cause of action.

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Mike Savokinas served as a Police Officer for Defendant Pittston Township ("Pittston") for nine years before being terminated on January 10, 2006.  (Am. Compl. ¶ 1, Doc. 37.)  Plaintiff's employment was protected under the provisions of a Collective Bargaining Agreement ("CBA") with Pittston.  (*Id*. ¶ 11.)  Plaintiff was terminated from his position as a Police Officer, although "just cause" is the only proper rationale for termination of a police office pursuant to the language of the CBA.  (*Id*. ¶ 13.)  He was never informed of the existence or nature of any charges against him, thereby depriving him of any opportunity to respond thereto, and was not provided with pre- or post-termination hearings.  (*Id*. ¶¶ 15-17.)  At some time, Plaintiff engaged in speech on police matters, including but not limited to the prosecution of a currently pending crime.  (*Id*. ¶ 21.)  After the filing of this lawsuit, on or around February 21, 2007, Defendant Rinaldi contacted and interfered with Plaintiff's employment with the Borough of West Wyoming.  (*Id*. ¶ 26.)  Defendants also contacted WBRE news regarding a mediation session between Plaintiff and Defendants.  (*Id*. ¶¶ 27-29.)

On January 17, 2006, Plaintiff filed a Complaint.  (Doc. 1.)  On February 14, 2006, Defendants filed a motion to dismiss.  (Doc. 8.)  By Order of the Court of August 16, 2006, Defendants' motion to dismiss was granted insofar as they sought dismissal of

Plaintiff's post-termination procedural due process claims and Plaintiff's substantive due process claims, and denied with respect to Plaintiff's pre-termination procedural due process claims.  (Doc. 21.)  The case was then referred for mediation, but this process did not result in a settlement.  (Doc. 25.)

On March 13, 2007, Plaintiff filed an Amended Complaint.  (Doc. 37.)  On April 2, 2007, Defendants filed the present motion to dismiss the amended complaint.  (Doc. 39.) This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d. 80 (1957)).  As a result of the *Twombly* holding, Plaintiff must now nudge his claims "across the line from conceivable to plausible" to avoid dismissal thereof.  *Id*.  The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only " 'give the

3

defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id.* (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson*. The Second Circuit Court of Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, — F.3d —, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007).

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be obliged to amplify a claim with sufficient factual allegations.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly

4

authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

In the statement of jurisdiction, Plaintiff's Amended Complaint again alleges violations of the "First, Fourth and Fourteenth Amendments" to the United States Constitution. (Am. Compl. ¶ 9, Doc. 37.) The Fourth Amendment to the United States Constitution, which protects against unreasonable searches and seizures, has no applicability to this case.

5

I.      **Section 1983**

Under 42 U.S.C. § 1983, every person who, under color of state law, subjects any citizen of the United States to the deprivation of any federal right shall be liable to the party injured.

II.     **Count I - Pre-Termination Procedural Due Process**

To the extent that Plaintiff challenges the Defendants' failure to provide him with a pre-termination hearing, that cause of action is encompassed by Plaintiff's procedural due process claim in Count I.  In accordance with the Court's August 16, 2006 Order, this claim will survive the attached Order.  The alleged actions by Defendants regarding a post-termination hearing have already been dismissed by this Court in the August 16, 2006 Order.

III.    **Count II - First Amendment Retaliation**

Plaintiff alleges that he engaged in speech relating to "Police matters, including but not limited to, the prosecution of a crime currently pending . . . [and] a complaint has been filed [on his behalf] in connection with being a victim of a crime."  (Am. Compl. ¶ 21, Doc. 37.)  The Amended Complaint further alleges that such speech was "a matter of public concern" and that the Plaintiff was "threatened . . . with the loss of his job."  (*Id.* ¶¶ 22-24.)

To properly allege an action for retaliation based on the First Amendment, a public employee must satisfy three elements: (1) the speech was protected and involved a matter of public concern,  *Connick v. Myers,* 461 U.S. 138, 147 (1983); (2) the plaintiff's interest in the speech outweighs the state's interest in "promoting the efficiency of the

6

public service it performs," *id*. at 142 (citing *Pickering v. Board of Education,* 391 U.S. 563, 568 (1968)); and (3) the protected speech was a substantial or motivating factor in the retaliation, *Czurlanis v. Albanes*, 721 F.2d 98, 103 (3d Cir. 1983)*.*  The public employer can rebut the claim by demonstrating the same decision would be reached even in the absence of the protected speech.  *Id.* at 102.

"A public employee's speech involves a matter of public concern if it can be 'fairly considered as relating to any matter of political, social or other concern to the community.'" *Baldassare v. State of New Jersey*, 250 F.3d 188, 195 (3d Cir. 2001).  Such an inquiry requires the court to consider the content, form, and context of the speech.  *Id.* "The content of the speech may involve a matter of public concern if it attempts 'to bring to light actual or potential wrongdoing or breach of public trust on the part of government officials.'" *Id.*  (quoting *Holder v. City of Allentown*, 987 F.2d 188, 195 (3d Cir. 1993)).

*Baldassare* found that an investigator's internal investigations of other public officials was a matter of public concern.  It distinguished its facts from *Morris v. Crow*, 142 F.3d 1379 (11th Cir. 1998), where a police officer's report and testimony regarding a car accident was not a matter of public concern.  In *Morris*, the court stated that "Police reports reflect information of general public interest and any information concerning police conduct and public safety could be considered to reach matters of public interest. The fact that such information maybe of general interest to the public, however, does not alone make it of 'public concern' for First Amendment purposes." *Id.* at 1381.  Speech made with respect to a public official's duties is generally not protected speech within the First Amendment.  *Id.*  In *Baldassare*, the court noted the importance of whether the

7

public employee was required to make the speech and distinguished *Morris* on those grounds. *Baldassare,* 250 F.3d at 196.  The Supreme Court has recently emphasized the distinction between speech required by official duty and speech as a citizen for First Amendment purposes.  *Garcetti v. Ceballos*, --- U.S. ---, 126 S.Ct. 1951, 1690, 164 L.Ed.2d 689 (2006).

Plaintiff has failed to allege the "political, social or other concern to the community" required by *Baldassare.*  The allegations are insufficient in content, form, and context. Although the Plaintiff alleges that the content relates to "Police matters," there are no allegations in the Amended Complaint that such speech "[brought] to light actual or potential wrongdoing or breach of public trust," rather than reflecting a police matter of general public interest as in *Morris.  Connick*, 461 U.S. at 148; *Morris*, 142 F.3d at 1381. Plaintiff has provided no allegations as to the form or context of the speech.  The Amended Complaint does not allege when the speech occurred, the forum where the speech occurred, the recipients of the speech, or the content of the speech.  The Plaintiff has not even alleged that the speech occurred while the Plaintiff was still employed with the Defendant as a police officer.  Neither does the Amended Complaint  allege whether the speech regarding "Police matters" fell within Plaintiff's duties as a police officer.  That Plaintiff filed a "a complaint . . . in connection with being a victim of a crime" is not dispositive.  Plaintiff could have been a victim of a crime within his duties as a police officer, or as a private citizen.  Furthermore, any deposition testimony regarding whether the Plaintiff was on- or off-duty at this time are irrelevant for purposes of a motion to dismiss.

The allegations are also insufficient to balance the interest of Defendants to

efficiently deliver their services and the interests of Plaintiff in expressing his speech.   In

conducting the balancing test, the court may look to factors such as the extent to which

the speech disrupts the public employer's office, the extent to which the speech threatens

the ability of the public employer to run the office, and the extent to which the employee

uses speech to resolve private grievances.  *Connick*, 461 U.S. at 153.  The Amended

Complaint fails in this regard.

      The only factor that Plaintiff sufficiently alleges is that, as a result of the speech,

the Plaintiff was threatened with the loss of his job.  This satisfies the requirement of a

"substantial" or "motivating" factor for the retaliation.  Since the issue of whether the same

decision to terminate Plaintiff would be reached even in the absence of the protected

speech is a matter of defense, there is no need to address it at present.

      As Plaintiff has failed in alleging that his speech was of "public concern" and that

his interest in speech outweighs those of the Defendants to deliver their services, the

motion to dismiss with respect to Count II is granted.

### IV.    Count III - First Amendment Retaliation

      Plaintiff alleges that after filing the instant action, on or around February 21, 2007,

Defendant Rinaldi "contacted and intentionally interfered with Officer Savokinas'

employment with the Borough of West Wyoming in retaliation for filing the instant

lawsuit."  (Am. Compl. ¶ 26, Doc. 37.)  Further, Plaintiff alleges that Defendants and/or

their agents contacted WBRE news and informed them of the date of "a confidential

mediation session," and that Defendants' attorney appeared on WBRE to discuss this

case, and caused "undue, unwarranted negative publicity on [Plaintiff]."  (*Id*. ¶¶ 27-29.)

      "Retaliation for the exercise of constitutionally protected rights is itself a violation of

rights secured by the Constitution actionable under section 1983." *Anderson v. Davila*, 125 F.3d 148, 162 (3d Cir. 1997) (citing *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)).  Although, in the employment context, a plaintiff ordinarily must show that his speech was a matter of public concern to qualify it as protected activity under the First Amendment, *see Connick*, 461 U.S. 138, the Third Circuit Court of Appeals has held that this requirement is inapplicable where the speech is the plaintiff's lawsuit.  *Id.*, *see San Filippo v. Bongiovanni*, 30 F.3d 424, 434-43 (3d Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995).  In *San Filippo*, the Third Circuit Court of Appeals held that a prima facie retaliation claim only requires that a plaintiff show that his lawsuit is not a sham.  *San Filippo*, 30 F.3d at 434-43.  *San Filippo* held that "The mere act of filing a non-sham petition is not a constitutionally permissible ground for the discharge of a public employee."  *Id.* at 443.

The First Amendment protection afforded by the *San Filippo* holding, however, was not intended to encompass factual scenarios such as the instant one, *i.e.*, where alleged acts of retaliation occurred after an employment relationship was terminated.  In this case, the retaliation alleged in Count III occurred after the employment relationship had ended, and as a result of the filing of the instant lawsuit.

As this case does not fall within the ambit of *San Filippo*, a mere showing that the litigation is not a sham will not suffice.  The Plaintiff must instead meet the three elements for First Amendment retaliation.  To prevail on Count III, Plaintiff must show: (1) that the plaintiff engaged in protected First Amendment activity; (2) the government actor responded with retaliation; and (3) the protected activity was the cause of the government

actor's retaliation.  *See Anderson*, 125 F.3d at 161.

A.    Defendant Rinaldi

        The Court will first address Plaintiff's allegation against Defendant Rinaldi.  Plaintiff

alleges that after filing the instant action, on or around February 21, 2007, Defendant

Rinaldi "contacted and intentionally interfered with Officer Savokinas' employment with

the Borough of West Wyoming in retaliation for filing the instant lawsuit."  (Am. Compl. ¶

26, Doc. 37.)  The Court finds that the Plaintiff has sufficiently set forth information from

which each element of the retaliation claim may be inferred.  *See Anderson*, 125 F.3d at

161*; see also Kost*, 1 F.3d at 183.

        Plaintiff's actions in petitioning the Court are undeniably a protected First

Amendment activity.  The Supreme Court has consistently held that an individual's

constitutional right of access to court is protected by the First Amendment's clause

granting the right to petition the government for grievances.  "The right of access to the

courts is indeed but one aspect of the right of petition." *Anderson*, 125 F.3d at 161 (citing

*California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)); *see also*

*Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990).  The Plaintiff has sufficiently

alleged that Defendant Rinaldi responded with retaliation and that the initiation of the

lawsuit was the cause of the Rinaldi's retaliation in satisfaction of the second and third

prongs of the *Anderson* test.

        Accordingly, the motion to dismiss will be denied as it relates to Defendant

Rinaldi's alleged actions in contacting and interfering with Plaintiff's employment with the

Borough of West Wyoming in retaliation for filing the instant lawsuit.

B.     Defendants' Alleged Contact with the Media

Plaintiff's second allegation of First Amendment retaliation is that the Defendants contacted the media regarding the mediation. Specifically, Plaintiff alleges that Defendants and/or their agents contacted WBRE news and informed them of the date of "a confidential mediation session," and that Defendants' attorney appeared on WBRE to discuss this case, and caused "undue, unwarranted negative publicity on [Plaintiff]." (Am. Compl. ¶¶ 27-29, Doc. 37.)  With respect to retaliation in the form of media contact, courts "balance the interests of the public in receiving information from public officials . . ., versus the rights of the plaintiffs to be free from embarrassing publicity." *Gallis v. Borough of Dickson City*, 2006 WL 2850633, at *7 (M.D. Pa. Oct. 3, 2006).

In conducting the balancing test, the *Gallis* court considered that documents were located in the public record. *Id.*  Although Plaintiff may have received unwanted publicity from the media, judicial documents are a matter of public record.  The referral of this case to mediation is a matter of public record by virtue of this Court's November 21, 2006 Order.  (Doc. 26.)  The date of the mediation was also placed in the public record by the report of the mediator.  (Doc. 46.)  Moreover, Plaintiff's own exhibit shows Savokinas speaking with the media in January 2006, and has thus put himself into the public eye before any mention of the mediation from the Defendants.  (Doc. 48.)  As in *Gallis*, the Court finds that the interest the public in receiving information from Defendants as public officials outweighs the interest of the Plaintiff to be free from unwanted publicity.

Accordingly, the motion to dismiss will be granted as it relates to Defendants' alleged communications with the media.

12

### V.       Count IV - Failure to Train

In Count IV, Plaintiff states that the "Defendant Township failed to train its employees and agents that before taking a property interest away from a police officer it must provide an explanation of evidence and an opportunity to tell 'his side of the story.'" (Am. Compl. ¶ 30, Doc. 37.)  Further, Plaintiff alleges a failure by Defendant Township to train for "retaliation against employees who petition the government for redress," that the Defendant Township was "deliberately indifferent to Savokinas' rights," that such failure to train was "intentional," and that the failure to train harmed the Plaintiff.  (*Id.* ¶¶ 31-34.)

A municipality cannot be held liable for the actions of its employees under section 1983 based upon *respondeat superior.   Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978).  However, a municipality may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id.* at 694.

A plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury" to prevail on an action for failure to train.  *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  This custom must be "so widespread as to have the force of law." *Id.* at 404.  To survive a motion to dismiss, the plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Brown*, 520 U.S. at 404).

A municipality can be held liable on the basis of failure to train when "'that failure

13

amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate [constitutional]' injury.'" *Id.* at 325 (citations omitted).

In the case of *Village of Throop v. Viola*, 2007 WL 2234589 (M.D. Pa. August 2, 2007), the plaintiff filed a complaint based on numerous actions, including failure to train. The Plaintiff's Amended Complaint contains virtually identical allegations, including statements that "Defendant . . . failed to train its employees and agents that before taking a property interest away from a full-time Police Officer it must provide an explanation of evidence and an opportunity to 'tell his side of the story'"; "Defendant . . . failed to train its employees and agents not to retaliate against employees who petition the government for redress"; "Defendant . . . was deliberately indifferent to [the officer's] rights and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question"; and "Defendant['s] . . . failure to train caused [the officer] to be harmed as stated above." *Id.* at *4.

In *Throop*, the court held that these claims were sufficient to allege a claim for failure to train.  Similarly, the Amended Complaint is sufficient in that it alleges that Defendants failed to train employees and agents to allow employees the right to "'tell his side of the story'" and "not to retaliate against employees who petition the government for redress."  (Am. Compl. ¶¶ 31-32, Doc. 37.)  The Amended Complaint also alleges the injury Plaintiff suffered as a result.

There is no requirement at the pleading stage for Plaintiff to identify a specific

14

policy to survive a motion to dismiss.  *Carter v. City of Philadelphia*, 181 F.3d 339, 358

(3d Cir. 1999).  This would be "unduly harsh" at this early juncture.  *Id.*  When accepting

the facts in the Amended Complaint as true, with all inferences that can be drawn from

them, the Plaintiff could, after discovery, prevail on this claim by enunciating the specific

policies and demonstrating how they violated his rights.


### CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part

Defendants' motion to dismiss.

An appropriate Order follows.


September __11__, 2007                         _____/s/ A. Richard Caputo_____
                                              A. Richard Caputo
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MIKE SAVOKINAS,

     Plaintiff,

        v.

PITTSTON TOWNSHIP, et al.,

     Defendants.

NO. 3:06-CV-00121

(JUDGE CAPUTO)

**ORDER**

    **NOW**, this __11__ day of September, 2007, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 39) pursuant to Federal Rule of Civil Procedure 12 is granted in part and denied in part as follows:

    (1)    Defendants' motion is **DENIED** with respect to respect to Plaintiff Mike Savokinas in Count I.

    (2)    Defendants' motion is **GRANTED** with respect to respect to Plaintiff Mike Savokinas in Count II.

    (3)    Defendants' motion is **DENIED** with respect to Plaintiff Mike Savokinas  as it relates to a cause of action for First Amendment retaliation against Defendant Rinaldi in Count III.

    (4)    Defendants' motion is **GRANTED** with respect to Plaintiff Mike Savokinas  as it relates to a cause of action for retaliation based on media communications in Count III.

    (5)    Defendants' motion is **DENIED** with respect to Plaintiff Mike Savokinas in Count IV.

_____         /s/ A. Richard Caputo_____
                                    A. Richard Caputo
                                    United States District Judge